# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH OWENS,<br><br>    *Plaintiff,*<br><br> v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, as Owner and Trustee For RCF 2 Acquisition Trust C/O U.S. Bank Trust National Association, et. al.,<br><br>    *Defendant.* | CIVIL ACTION<br>NO. 24-6372 |

**Pappert, J.**                                **March 31, 2025**

### MEMORANDUM

  In 2022, U.S. Bank[1] sought to foreclose on Kenneth Owens's home. In June of 2023, the Delaware County Court of Common Pleas entered default judgment against Owens, ordered the foreclosure and assessed U.S. Bank's damages as $91,609.09. Owens moved to re-open the default judgment, which the state court denied, and he never appealed. In November of 2024, he filed his complaint in this case, seeking a declaration that the state court got it wrong and compensatory damages in the amount awarded to U.S. Bank. U.S. Bank moves to dismiss Owens's Complaint, asserting primarily that his claims are nothing more than an appeal of the common pleas court's decision and are barred by the *Rooker-Feldman* doctrine. The Court grants the motion but will allow Owens to amend one of his claims.

---

[1] Defendants are U.S. Bank Trust National Association, acting as Owner and Trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association, and Selene Finance LP, the mortgage servicer for the mortgage in question. (Compl. ¶¶ 8–9.) The Court refers to them collectively as "U.S. Bank."

I

On August 3, 2016, Owens executed a note and mortgage for his home located at 146 Windsor Avenue, Lansdowne, PA 19050 (the "Property") to Ditech Financial, LLC. (Compl. ¶ 16, ECF No. 1.)  Ditech assigned the mortgage to Newrez LLC d/b/a Shellpoint Mortgage Servicing on April 16, 2020.  (*Id.* ¶ 17.)  On July 10, 2022, Shellpoint assigned the mortgage to U.S. Bank, and the assignment was recorded on September 1, 2022.  (*Id.*)  On November 10, 2022, U.S. Bank initiated a foreclosure action against Owens in the Delaware County Court of Common Pleas, alleging "[t]he Mortgage is in default because monthly payments of principal and interest are due and unpaid for January 1, 2020 and each month thereafter."  (Foreclosure Compl. at 5, ECF No. 12-3.)[2]  U.S. Bank alleged that, "[a]s of September 12, 2022, [$89,815.34] is due to [U.S. Bank] on the mortgage."  (*Id.* at 6.)

Owens failed to answer the complaint and, on June 26, 2023, the common pleas court entered default judgment against him in the amount of $91,609.09.  (State-Court Judgment, ECF No. 12-5.)  On October 6, 2023, Owens filed a petition to reopen or strike the default judgment, (ECF No. 12-6), which the state court denied on March 6, 2024.  *See* (State Court Docket, CV-2022-008515, https://delcopublicaccess.co.delaware.pa.us/).  Owens then filed a "motion to dismiss"

---

[2]   Generally, in deciding a motion to dismiss, courts "consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  Further, "a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original) (citation omitted).
   Here, U.S. Bank attached several exhibits to its motion to dismiss, all of which (except an affidavit stating which documents are attached) are documents from the state-court foreclosure proceedings.  These documents are matters of public record and the Court can consider them.

the foreclosure on November 8, 2024, which the state court summarily denied on January 9, 2025. (*Id.*)

Owens filed this lawsuit on November 26, 2024. (ECF No. 1.) His allegations are scattershot, but construing the Complaint liberally, the Court discerns the following claims. First, Owens alleges Shellpoint's assignment of the mortgage to U.S. Bank was invalid under state law because U.S. Bank "failed to perfect any security interest in the subject property" and therefore lacked standing to foreclose. (Compl. ¶ 45.) He alleges the promissory note lacked a "proper indorsement," so "a true assignment could not take place." (*Id.* ¶ 36); *see also, e.g.*, (*id.* ¶¶ 18, 22, 26–29, 50, 51, 54, 55). Second, he claims the foreclosure unconstitutionally deprived him of the Property without due process, in violation of the Fourteenth Amendment. (*Id.* ¶ 46.) Third, he claims the mortgage's assignment to U.S. Bank violated the Truth in Lending Act, 15 U.S.C. § 1641(g), because it was not recorded "within 30 days along with notification to Plaintiff that transfers had occurred." (*Id.* ¶ 30.) Finally, he claims U.S. Bank defrauded the state court by "knowingly present[ing] false information to" the "lower court" that resulted in the foreclosure judgment. (*Id.* ¶¶ 71–75.)

Owens seeks first a declaratory judgment that he is "the equitable owner of the subject property" and that U.S. Bank has "no interest estate, right, title or interest in the" Property. (*Id.* ¶¶ 67–69.) Second, he wants "an Order requiring [U.S. Bank] to return the negotiable instrument" to him. (*Id.* at 12.) And finally, he asks for monetary damages in the "amount of at least the appraised value of the subject property." (*Id.*) U.S. Bank moves to dismiss the Complaint for lack of subject matter jurisdiction under Federal Rule of Civil procedure 12(b)(1), failure to state a claim under Rule 12(b)(6),

failure to adequately plead fraud under Rule 9(b), and failure to keep the allegations "simple, concise, and direct" under Rule 8(d)(1). *See generally* (Memo. in Supp. of Mot. to Dismiss, ECF No. 12-9).

II

A

Under Federal Rule of Civil Procedure 12(b)(1), defendants may move to dismiss a complaint for "lack of subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Because U.S. Bank "filed the attack before it filed any answer to the Complaint or otherwise presented competing facts," its motion is, "by definition, a facial attack." *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (citation omitted).

"[A] facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)." *Constitution Party*, 757 F.3d at 358 (citing *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)). Courts must "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *In re Schering-Plough Corp.*, 678 F.3d at 243 (quotations and citation omitted).

B

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must construe the complaint in the light most favorable to the plaintiff. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016) (citations omitted). However, a court need not accept as true inferences drawn by the plaintiff that are unsupported by facts. *See Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004).

III

A

1

Owens's first and fourth claims—that U.S. Bank lacked standing to foreclose and committed fraud by telling the state court otherwise—are barred by the *Rooker-Feldman* doctrine. That doctrine prohibits lower federal courts from exercising subject-matter jurisdiction in a narrow range of cases already decided in state court. *See Exxon Mobil v. Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under the doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on . . . [a] claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy,* 512 U.S. 997, 1005–06 (1994). But *Rooker-Feldman* is not implicated every time a federal plaintiff seeks to litigate a matter already determined by a state court: If

a federal plaintiff brings "some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party," the doctrine does not apply. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil*, 544 U.S. at 293). The Third Circuit has emphasized the narrowness of the doctrine, distinguishing between injuries caused by the state-court judgment and those brought about by the defendants' actions. *See Gray v. Martinez*, 465 F. App'x. 86, 88 (3d Cir. 2012) (citing *Great W. Mining*, 615 F.3d at 167–68).

"[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining,* 615 F.3d at 166 (internal citations, quotations and alterations omitted).

2

To start, the first *Great Western* element applies to Owens's claims because he "lost in state court." *Id.* at 166; *see also Todd v. U.S. Bank Nat'l Ass'n*, 685 Fed. App'x 103, 106 (3d Cir. 2017) ("[A] validly entered default judgment can bar federal jurisdiction under the *Rooker-Feldman* doctrine."). Under the second *Great Western* requirement, the "critical task" in evaluating whether a plaintiff's injuries were caused by the state-court judgment is to determine whether the plaintiff "professes to complain of injury by a third party" while actually complaining of "injury 'produced by a state-court judgment.'" 615 F.3d at 167 (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422

F.3d 77, 87 (7th Cir. 2005)). Owens contends that U.S. Bank's "fraudulent conduct," and not the state-court judgment, caused his injury. (Resp. in Opp. to Mot. to Dismiss at 3, ECF No. 13.)[3] But the Complaint is not aimed at U.S. Bank's independent behavior; it alleges unjust enrichment *from a foreclosure* judgment. Owens's purported injury of $91,609.09 would not exist *but-for* the state-court judgment. *See Thurmond v. Select Portfolio Servicing*, No. 24-4986, 2024 WL 4608176, at *2 (E.D. Pa. Oct. 29, 2024) (denying fraud-on-the-court argument where plaintiff's "claims are based entirely upon injuries she has suffered as a result of . . . the impending foreclosure sale of her home"). *Cf. Anderson v. Baritz*, No. 24-2095, 2025 WL 309047, at *4 n.3 (E.D. Pa. Jan. 27, 2025) (holding *Rooker-Feldman* did not apply where plaintiff's injury arose from defendant's debt-collection practices, not the state-court judgment).

Third, the state-court judgment was "rendered before the federal suit was filed." *Id.* at 166. In *Malhan v. Secretary United States Department of State*, 938 F.3d 453, 459-460 (3d Cir. 2019), the Third Circuit Court of Appeals discussed three circumstances in which a state-court judgment is "rendered before the federal suit was filed," one of which is when "the state action has reached a point where neither party seeks further action." *Id.* The prototypical example is when the state court "issues a judgment and the losing party allows the time for appeal to expire." *Id.*

---

[3] Owens's fraud claims are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires plaintiffs to "state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).
   Owens's allegations fail to meet this bar. He claims U.S. Bank committed "fraud upon the court," (Compl. at 11), but his unparticularized allegations are "merely legal disagreements with the proceedings in the [foreclosure] Action and do not constitute egregious misconduct." *Kaetz v. United States*, No. 23-1880, 2024 WL 2933015, at *3 (3d Cir. June 11, 2024) (quotations omitted); *see also Leadbeater v. JPMorgan Chase, NA*, No. 16-7655, 2017 WL 4790384, at *8 (D.N.J. Oct. 24, 2017) (applying Rule 9(b) particularization requirement in context of state-court foreclosure challenge).

7

Owens had thirty days to appeal the foreclosure default judgment but never did. *See Sachs v. Cedeno*, 135 A.3d 650, 2015 WL 7938740, at *2 (Pa. Super. Ct. 2015) (citing Pa. R. App. P. 903(a)). Instead, he later filed a motion to re-open the judgment, which the state court denied, a decision he never appealed. Therefore, although he filed a frivolous "motion to dismiss" the foreclosure a year-and-a-half after the default judgment was entered, that judgment was final for *Rooker-Feldman* purposes. *Cf. Zimmer v. Zimmer*, 326 A.2d 318 (Pa. 1974) (noting that a default judgment in a foreclosure action is as conclusive as a jury verdict).

Finally, the fourth requirement—whether Owens is effectively appealing the state-court judgment to this Court—is also satisfied. This inquiry is "closely related," though not identical, to the second element. *Great Western*, 615 F.3d at 168–69. Prohibited appellate review "consists of a review of the proceedings already conducted by the [state] tribunal to determine whether it reached its result in accordance with the law." *Id.* at 169 (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006)). If the federal court may reach a decision without concerning itself with the *bona fides* of the state court decision, it is not conducting an appellate review prohibited by the *Rooker-Feldman* doctrine. *Id.* But, if the federal court's decision would negate the state court's judgment, *Rooker-Feldman* bars it from hearing the case. *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009).

Owens expressly asks the Court to negate the foreclosure judgment. He challenges U.S. Bank's standing to foreclose on the Property and seeks an order declaring that he is its "equitable owner," that the assignment to U.S. Bank was invalid, and that the "negotiable instrument" be returned to him. (Compl. ¶¶ 68, 76.)

8

He couches his claims as fraud by U.S. Bank, but his requested relief "makes it abundantly clear that he seeks to overturn the foreclosure judgment." *Gage v. Wells Fargo Bank, NA*, 521 Fed. App'x 49, 51 (3d Cir. 2013). Indeed, Owens's repeated reference to the "lower courts," (Compl. ¶¶ 71, 72, 74, 75), suggests that even he regards his Complaint as a request for "appellate review of the state-court judgment," *Great W. Mining*, 615 F.3d at 164.

Thus, the Court lacks subject-matter jurisdiction over Owens's first and fourth claims[4] because, "in order to grant the federal plaintiff the relief sought, the court must determine that the state-court judgment was erroneously entered or must take action that would render that judgment ineffectual." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quotation omitted).

B

Owens's first and fourth claims are also precluded by the doctrine of *res judicata*, under which the Court must "give the same preclusive effect to the judgment in the common pleas court case that the courts in Pennsylvania . . . would give." *Turner v. Crawford Square Apts. III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006). Under Pennsylvania law:

> *Res judicata*, or claim preclusion, is a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the

---

[4] Owens also lacks standing to assert these claims. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) ("Standing is a jurisdictional matter."). The Third Circuit Court of Appeals has joined the "overwhelming majority of courts" in holding that "a borrower has no standing to challenge an assignment said to violate a pooling service agreement." *Gilarmo v. United States Bank N.A.*, 643 Fed. App'x 97, 100 (3d Cir. 2016) (collecting cases); *see also Perez v. JPMorgan Chase Bank, N.A.*, No. 14-2279, 2016 WL 816752, at *3 (D.N.J. Feb. 29, 2016) ("Courts in the Third Circuit have repeatedly held mortgagors lack standing to contest the assignment of their mortgages or notes[.]") (collecting cases).

9

parties or their privies on the same cause of action.

*Balent v. City of Wilkes–Barre*, 669 A.2d 309, 313 (Pa. 1995) (internal citation omitted). *Res judicata* applies to "issues, claims or defenses that were actually raised in the prior proceeding" as well as those "which could or should have been raised and were not." *Scott v. Mershon*, 657 A.2d 1304, 1307 (Pa. Super. Ct. 1995).

"A subsequent action is wholly barred [by *res judicata*] if it shares with the earlier judgment a concurrence of four elements: (1) an identity of the thing sued upon; (2) an identity of the cause of action; (3) an identity of the person and parties to the action; and (4) an identity of the quality or capacity of the parties suing or sued." *In re Estate of Hillegass*, 469 A.2d 221, 223 (Pa. Super. Ct. 1983) (citations omitted). The doctrine precludes challenges to "a party's conduct that occurred prior to the state court entering judgment in a foreclosure proceeding," *Conte v. Mortgage Electronic Registration Sys.*, No. 14-6788, 2015 WL 1400997, at *4 (E.D. Pa. Mar. 27, 2015), and extends to challenges to default judgments. *Zimmer*, 326 A.2d at 320.

Owens and U.S. Bank were the parties in the foreclosure action, and their "capacities to sue and be sued are not in dispute." *Easley*, 394 Fed. App'x at 948. Further, the "thing sued upon" in both actions is the foreclosure of the Property. *Id.* And Owens's challenge to U.S. Bank's standing is a defense he *could have raised* in the foreclosure proceeding, so there is identity of the cause of action. *See Id.*; *Taggart v. Deutsche Bank Nat'l Trust Co.*, No. 21-2278, 2023 WL 4578801, at *2 (3d Cir. July 18, 2023) (affirming District Court's application of *res judicata* where plaintiff raised standing challenge in foreclosure proceeding); *CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 68-69 (Pa. Super. Ct. 2016) (noting that challenges to a mortgagee's standing to

foreclose is a defense to foreclosure proceedings); *Saxe v. Bank of N.Y. Mellon Trust Co.*, 2011 Pa. D. & C. Dec. LEXIS 561, *7 (Ct. Comm. Pleas, Bucks Cty. Nov. 23, 2011) ("[T]he default judgment against Plaintiffs in the mortgage foreclosure action is *res judicata* as to the issue of whether Defendant was the proper party to bring the foreclosure action.").

## IV

Owens's second claim is that U.S. Bank deprived him of property without due process of law in violation of the Fourteenth Amendment. (Compl. ¶ 46.) But that amendment only protects against actions taken by state actors, not private parties like U.S. Bank. *See Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). The Complaint includes no allegations suggesting U.S. Bank was operating under color of state law.

## V

Owens also alleges that the assignment of the mortgage to U.S. Bank violated the Truth in Lending Act, (Compl. ¶ 30), which provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. § 1641(g)(1). Owens alleges Shellpoint assigned the mortgage to U.S. Bank on July 10, 2022 but that U.S. Bank failed to notify him of the assignment within 30 days. (Compl. ¶¶ 17, 30.)

This claim faces several hurdles, starting with the fact that Owens lacks standing to assert it. Informational injuries, *i.e.*, "the injury that occurs when 'a plaintiff fails to receive information to which [he] is legally entitled,'" are not sufficiently concrete to confer Article III standing. *George v. Rushmore Serv. Ctr., LLC*,

114 F.4th 226, 234–35 (3d Cir. 2024) (quoting *Kelly v. Realpage Inc.*, 47 F.4th 202, 211 (3d Cir. 2022)); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). Rather, for an informational injury to confer standing, the plaintiff must satisfy three elements: (1) "the omission of information to which he claims entitlement," (2) "adverse effects that flow from the omission," and (3) "a nexus to the concrete interest Congress intended to protect by requiring disclosure of the information." *George*, 114 F.4th at 235 (cleaned up).

Owens alleges he never received information to which he was entitled under § 1641(g). But his "standing argument falters at prong two" because the Complaint "does not allege specific adverse effects flowing from the omission." *Id.* at 236. True, he alleges an injury—foreclosure—from the purportedly unlawful assignment, but he does not explain how that flowed from the alleged § 1641(g) violation. He fails to allege how U.S. Bank's failure to send a § 1641(g) notice made it so he "could not pay [his] debt as a result[.]" *Id.* Rather, the foreclosure complaint on which judgment was entered shows that Owens was in default on the loan as early as January of 2020, before the assignment and the alleged § 1641(g) violation. (Foreclosure Compl. at 5.) Thus, Owens has not alleged an informational injury sufficient to confer him Article III standing.[5]

This claim is also barred by TILA's one-year statute of limitations. *See* 15 U.S.C. § 1640(a) (noting that the liability provisions apply to "subsection (f) or (g) of Section

---

[5]  Similarly, on the merits, Owens fails to adequately allege detrimental reliance on U.S. Bank's purported failure to disclose or actual damages resulting therefrom. *See Vallies v. Sky Bank*, 591 F.3d 152, 156 (3d Cir. 2009). "To prove actual damages [under § 1640(e)], a plaintiff must demonstrate he suffered a loss because he detrimentally relied on an inaccurate or incomplete disclosure." *Bishop v. JPMorgan Chase & Co.*, No. 13-1, 2013 WL 3177826, *16 (D. Del. June 21, 2013) (citing *Vallies*, 591 F.3d at 157–58).

1641"); *id.* § 1640(e) (stating that "any action under this section may be brought . . . within one year from the date of the occurrence of the violation."). Here, the mortgage was assigned to U.S. Bank on on July 10, 2022. (Compl. ¶ 17.) Thus, under § 1641(g), U.S. Bank had until August 9, 2022 to notify Owens of the assignment, who in turn had until August 10, 2023 to file this suit. Instead, he waited until November 26, 2024, more than a year after the limitations period expired. Thus, even if he had standing to bring this claim, it would be time-barred. *See Leadbeater*, 2017 WL 4790384, at *11; *Brahmbhatt*, 2018 WL 4760278, at *6; *Davis v. Mariano*, No. 19-13515, 2021 WL 9525469, at *8 (D.N.J. Mar. 26, 2021).[6]

## VI

In the alternative, Owens seeks leave to amend his Complaint. (Memo. in Opp. to Mot. to Dismiss at 6–7.) Courts should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). The Court lacks jurisdiction over Owens's first and fourth claims under the *Rooker-Feldman* doctrine, something Owens cannot cure. *See Brahmbhatt*, 2018 WL 4760278, at *4; *Jacobowitz v. M&T Mortg. Corp.*, 372 Fed. App'x 225, 228 (3d Cir. 2010); *Coppedge v. SLS LLC*, No. 22-2717, 2024 WL 511037, at *1 (3d Cir. Feb. 9, 2024).

---

Owens does not allege how he detrimentally relied on U.S. Bank's failure to notify him of the assignment, or how that detrimental reliance resulted in the foreclosure of his home. *See Quinn v. Wells Fargo Bank, N.A.*, No. 16-6967, 2017 WL 3671246, at *3 (D.N.J. Aug. 25, 2017).

[6] The TILA statute of limitations is "not jurisdictional and is therefore subject to equitable tolling." *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 505 (3d Cir. 1998). Owens has not alleged any facts that, if accepted as true, would sufficiently toll the statute of limitations and make his § 1641(g) claim timely. He will be allowed to amend his Complaint so that he can try to do so.

Further, because U.S. Bank is not a state actor, amendment of his Fourteenth Amendment claim would be futile. *See Zebrowski v. Wells Fargo Bank, N.A.*, 657 F. Supp. 2d 511, 525 (D.N.J. 2009). However, Owens may amend his TILA claim consistent with the accompanying Order and to the extent he can correct the deficiencies outlined above.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.